United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                        Case No. 15-12372-amc
Diane Turner                                                                  Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: admin            Page 1 of 2           Date Rcvd: Aug 28, 2020
                        Form ID: 3180W         Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 30, 2020.
```
db          +Diane Turner,    1060 Redtail Road,    Audubon, PA 19403-1841
tr          +SCOTT F. WATERMAN (Chapter 13),    Chapter 13 Trustee,    2901 St. Lawrence Ave.,    Suite 100,
              Reading, PA 19606-2265
13543250    +Department Stores National Bank For Macys Branded,    Bankruptcy Processing,    Po Box 8053,
              Mason, OH 45040-8053
13516647    +Specialized Loan Servicing LLC,    8742 Lucent Blvd Suite 300,    Highlands Ranch, CO 80129-2386
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: megan.harper@phila.gov Aug 29 2020 04:37:29     City of Philadelphia,
              City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 29 2020 04:37:03
              Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 29 2020 04:37:21     U.S. Attorney Office,
              c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13971862    +E-mail/Text: nickf@ctfasset.com Aug 29 2020 04:37:43     2005 Residential Trust 3-1,
              117 Wrangler Drive, Suite 100,    Coppell, TX 75019-4711
13516533    +E-mail/PDF: resurgentbknotifications@resurgent.com Aug 29 2020 04:46:23     CACH, LLC,
              PO Box 10587,    Greenville, SC 29603-0587
13511365     EDI: DISCOVER.COM Aug 29 2020 08:28:00     Discover Bank,    Discover Products Inc,
              PO Box 3025,    New Albany, OH  43054-3025
13550136    +EDI: IRS.COM Aug 29 2020 08:28:00     Internal Revenue Service,    P O Box 7346,
              Philadelphia, PA 19101-7346
13603483     EDI: PRA.COM Aug 29 2020 08:28:00     Portfolio Recovery Associates, LLC,    POB 41067,
              Norfolk VA 23541
13539836    +E-mail/Text: bncmail@w-legal.com Aug 29 2020 04:37:15     The Bank of New York Mellon,
              C/O Weinstein & Riley, P.S.,    2001 Western Avenue, Ste. 400,    Seattle, WA 98121-3132
                                                                                              TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14059365      The Bank of New York Mellon f/k/a The Bank of New
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 30, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 27, 2020 at the address(es) listed below:
```
              ANDREW   SPIVACK    on behalf of Creditor    BANK OF AMERICA, N.A. paeb@fedphe.com
              ANDREW   SPIVACK    on behalf of Creditor    The Bank of New York Mellon FKA The Bank Of Newyork,
               etal paeb@fedphe.com
              ANTHONY  ST. JOSEPH    on behalf of Creditor    United States on behalf of Internal Revenue Service
               anthony.stjoseph@usdoj.gov,   mardella.suarez@usdoj.gov,CaseView.ECF@usdoj.gov
              CHARLENE KELLER FULLMER    on behalf of Creditor    United States on behalf of Internal Revenue
               Service Charlene.Fullmer@usdoj.gov,   deshayla.avant@usdoj.gov,caseview.ecf@usdoj.gov
              CHARLES GRIFFIN WOHLRAB    on behalf of Creditor    THE BANK OF NEW YORK MELLON
               cwohlrab@rascrane.com
              DANIEL BRETT SULLIVAN    on behalf of Creditor    Nationstar Mortgage, LLC BNCmail@w-legal.com,
               DanS@w-legal.com
              JENNIFER ROSE GORCHOW    on behalf of Defendant    BANK OF AMERICA, N.A. paeb@fedphe.com
              JENNIFER ROSE GORCHOW    on behalf of Defendant    THE BANK OF NEW YORK MELLON FKA THE BANK OF
               NEWYORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE
               CERTIFICATE HOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING PROPERTY EQUI paeb@fedphe.com
```

```
District/off: 0313-2                  User: admin                    Page 2 of 2                   Date Rcvd: Aug 28, 2020
                                      Form ID: 3180W                 Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        JENNIFER ROSE GORCHOW   on behalf of Creditor   The Bank of New York Mellon et. al. paeb@fedphe.com
        JOSEPH ANGEO DESSOYE   on behalf of Creditor   The Bank of New York Mellon et. al. paeb@fedphe.com
        JOSEPH ANGEO DESSOYE   on behalf of Creditor   The Bank Of New York Mellon FKA The Bank Of New York et al. paeb@fedphe.com
        JOSHUA I. GOLDMAN   on behalf of Creditor   The Bank Of New York Mellon FKA The Bank Of New York et al. Josh.Goldman@padgettlawgroup.com, kevin.shatley@padgettlawgroup.com
        JOSHUA I. GOLDMAN   on behalf of Creditor   The Bank of New York Mellon et al... Josh.Goldman@padgettlawgroup.com, kevin.shatley@padgettlawgroup.com
        KEVIN M. BUTTERY   on behalf of Creditor   The Bank of New York Mellon, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Through Certificates Series 2006-AR3 cdigianantonio@rascrane.com
        KEVIN S. FRANKEL   on behalf of Creditor   Nationstar Mortgage LLC, et al pa-bk@logs.com
        KYLE LAMAR BISHOP   on behalf of Defendant   UNITED STATES OF AMERICA kyle.l.bishop@usdoj.gov, eastern.taxcivil@usdoj.gov
        KYLE LAMAR BISHOP   on behalf of Creditor   United States on behalf of Internal Revenue Service kyle.l.bishop@usdoj.gov, eastern.taxcivil@usdoj.gov
        MARIO J. HANYON   on behalf of Creditor   The Bank of New York Mellon FKA The Bank Of Newyork, etal paeb@fedphe.com
        MARTIN A. MOONEY   on behalf of Creditor   2005 Residential Trust 3-1 lgadomski@schillerknapp.com, kcollins@schillerknapp.com
        MATTHEW CHRISTIAN WALDT   on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Successor in Interest to JP Morgan Chase Bank, N.A. as Trustee mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
        MATTHEW CHRISTIAN WALDT   on behalf of Creditor   The Bank of New York Mellon, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Through Certificates Series 2006-AR3 mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
        POLLY A. LANGDON   on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com
        REBECCA ANN SOLARZ   on behalf of Creditor   The Bank of New York Mellon, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Through Certificates Series 2006-AR3 bkgroup@kmllawgroup.com
        REBECCA ANN SOLARZ   on behalf of Creditor   The Bank Of New York Mellon FKA The Bank Of New York et al. bkgroup@kmllawgroup.com
        SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com
        THOMAS I. PULEO   on behalf of Creditor   The Bank of New York Mellon, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Through Certificates Series 2006-AR3 tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
        WAVERLEY MADDEN   on behalf of Attorney Waverley Madden maddenlaw@outlook.com, r63204@notify.bestcase.com
        WAVERLEY MADDEN   on behalf of Debtor Diane Turner maddenlaw@outlook.com, r63204@notify.bestcase.com
        WAVERLEY MADDEN   on behalf of Plaintiff Diane Turner maddenlaw@outlook.com, r63204@notify.bestcase.com

                                                                                                            TOTAL: 30

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Diane Turner** | Social Security number or ITIN **xxx–xx–9706** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **15–12372–amc** | |

# Order of Discharge 12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Diane Turner

<u>8/27/20</u>  **By the court:**  <u>Ashely M. Chan</u>
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**